Eastern District of Kentucky
F I L E D
MAY 2 6 2017
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CHRISTINA LYNN ROBERTS,

Plaintiff,

V.

NANCY A. BERRYHILL,
Acting Commissioner
of Social Security,

Defendant.

CIVIL ACTION
NO. 5:12-139-KKC

OPINION & ORDER

\*\*\* \*\*\* \*\*\*

This matter is before the Court on plaintiff Christina Lynn Roberts' motion for attorney fees (DE 25). For the following reasons, Roberts' motion will be **GRANTED** in part and **DENIED** in part.

## I. Background

Roberts filed suit against the Commissioner of Social Security in May 2012 after her claim for disability benefits was denied. (DE 1). During the early stages of this litigation, the Commissioner moved for a remand pursuant to sentence six of 42 U.S.C. § 405(g).[1] (DE 10). The Court granted the Commissioner's motion. (DE 11).

---

[1] In a sentence six remand, "the district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Following a sentence six remand, the Commissioner "must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.'" *Id.* (quoting 42 U.S.C. § 405(g)).

1

In October 2016, the Court, upon motion by the Commissioner, reopened and redocketed the case, permitted the Commissioner to file an answer and the transcript, and set a briefing schedule. (DE 16). Subsequently, Roberts moved for a remand pursuant to sentence four of 42 U.S.C. § 405(g).[2] (DE 18). However, Roberts withdrew her motion to remand (DE 21) and instead consented to the Commissioner's motion for a sentence four remand (DE 22). The Court granted the consent motion. (DE 23; DE 24).

Following the sentence four remand, Roberts filed a motion for attorney fees under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412. Here, Roberts' attorney, Wolodymyr Cybriwsky, requests attorney fees at a rate of $150 an hour for 72.65 hours of work.

## II. Discussion

"The EAJA provides that a court shall award fees and other expenses to a prevailing party, other than the United States, in any civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust." *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (citing 28 U.S.C. § 2412(d)(1)(A)).

Thus, a request for fees must meet four requirements: (1) the claimant must be the prevailing party; (2) the government's position must not have been "substantially justified"; (3) no special circumstances existed to make an award unjust; and (4) the request must be timely. *Id.*; *see also* 28 U.S.C. § 2412(d)(1)(A)–(B).

This case has been remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Relevant here, a sentence-four remand makes Roberts a "prevailing party" under

---

[2] Sentence four of 42 U.S.C. § 405(g) "authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.'" *Melkonyan*, 501 U.S. at 98.

2

the EAJA. *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). Further, Roberts' request appears to be timely. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993)).

The parties do not dispute that Roberts is entitled to attorney fees. Rather, the Commissioner disputes the rate that Cybriwsky, Roberts' counsel, argues should apply for the requested fees and the reasonableness of the hours Cybriwsky submitted.

**a. Hourly rate**

First, Cybriwsky "hopes to persuade this Court to find the $150 hourly rate to be reasonable here." (DE 25-1, Mem. at 3). In support of Roberts' fee request, Cybriwsky submitted the required itemized list of his actions in this case, totaling more than 70 hours of work.

The amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Roberts, as plaintiff, bears the burden to demonstrate that a deviation from the statutory rate is appropriate. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Further, a plaintiff must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In support of Roberts' fee request, Cybriwsky submitted a 2003 affidavit of attorney Alvin D. Wax discussing Wax's rate for Social Security disability cases, a 2003 opinion by United States District Judge Joseph M. Hood granting a request for a higher rate based on a developing area of the law, and an incomplete 2003 magistrate judge recommendation from

3

the Western District of Kentucky regarding attorney fees under the EAJA. (DE 25-2). Cybriwsky also argues that policy supports a higher rate for fees, including that the low hourly rate has resulted in fewer attorneys to handle Social Security appeals. (DE 27, Reply at 2).

In *Justice v. Colvin*, United States District Judge Danny C. Reeves addressed a similar request by Cybriwsky using the same proof presented in this case. *See* Civil Action No. 5:14-286-DCR, 2015 WL 4529118, at *2, (E.D. Ky. July 27, 2015). In that case, Judge Reeves noted "the plaintiff's attorney has submitted the exact same proof in numerous cases, and this Court has repeatedly found it to be insufficient." *Id.* (collecting cases).

Cybriwsky's citations to U.S. Department of Labor statistics and his policy arguments are similarly unavailing. *See Bryant*, 578 F.3d at 450. Instead, as in previous cases, Roberts, as plaintiff, has not demonstrated to the Court that the prevailing market rate in the Eastern District of Kentucky exceeds the statutory rate. *See Justice*, 2015 WL 4529118, at *2. Thus, the applicable rate in this case will be $125 per hour.

### b. Reasonableness of hours

In this case, Roberts bears the burden to demonstrate that the requested fees and costs are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Thus, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Id.* at 434.

Cybriwsky has submitted an itemized list claiming 72.65 hours of work. (DE 25-1). The Commissioner argues that the number of hours requested are excessive in several respects.

First, the Commissioner challenges the 27 hours of work performed by Cybriwsky when Roberts' case was initially remanded pursuant to sentence six of 42 U.S.C. § 405(g). Here, the

4

Commissioner asks that the fee petition be reduced by at least 25 hours for those claimed tasks.

On this point, Cybriwsky argues that "the 27 hours expended over a period of more than four (4) years to which the Commissioner complains is hardly excessive and Plaintiff's counsel believes that the reasonableness of those services [is] self-evident by the descriptions set forth in our fee petition." (DE 27, Reply at 2–3). Cybriwsky further argues that "the Commissioner does not identify one service which was either unreasonable, unnecessary, or excessive." (DE 27, Reply at 3).

Here, the Court will not permit the recovery of any fees for work claimed by Cybriwsky in this matter during the time in which Roberts was represented by other counsel at the administrative level when this case was first remanded. Thus, the fee petition will be reduced by 27 hours.

Next, the Commissioner asserts that 17 of the 23 hours in which Cybriwsky claims to have reviewed the administrative transcript and filed a motion to remand are excessive. Cybriwsky counters and argues that the Commissioner's objection on this point "fails to recognize that there was also a memorandum in support of summary judgment which was prepared contemporaneously." (DE 27, Reply at 3).

The Court does not find the 23 hours claimed by Cybriwsky for reviewing the administrative record, drafting and filing a motion to remand, and completing a motion for summary judgment to be unreasonable. Thus, it will deny the Commissioner's request to reduce the fee petition by any hours for these tasks.

Finally, the Commissioner asks that the fee petition be reduced by another 1.40 hours for time Cybriwsky claims for electronic receipt and review of routine and short filings. The Court will not reduce the fee petition for any of this time.

In sum, the Court will reduce Roberts' fee petition by 27 hours.

### III. Conclusion

Because Roberts, through her attorney's request, has not shown $150 to be the appropriate rate, the statutory rate of $125 per hour will apply. Further, Roberts' fee petition will be granted for 45.65 hours.

Accordingly, it is hereby **ORDERED** that:

(1) Roberts' motion for attorney fees and costs (DE 25) is **GRANTED** in part and **DENIED** in part; and

(2) Roberts is awarded $5,706.25 in attorney fees.

Dated May 26, 2017.

*Karen K. Caldwell*
United States District Judge